**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000510
10-APR-2019
07:56 AM**

NO. CAAP-13-0000510

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GEORGE AND MICHIKO BRUNO, Plaintiffs-Appellants, v.
ASSOCIATION OF APARTMENT OWNERS OF WAIKIKI MARINA CONDOMINIUM,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2117-08)


MEMORANDUM OPINION
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

This case arises from a dispute over whether ownership of a residential unit at the Ala Wai Terrace Condominium ("the Ala Wai Terrace"), together with ownership of a parking stall at the Waikiki Marina Condominium ("the Waikiki Marina"), formerly known as "The Westbury," entitles Plaintiffs-Appellants George and Michiko Bruno (collectively "the Brunos") to use the Waikiki Marina common elements.

The Brunos appeal from the January 14, 2013 Final Judgment, entered by the Circuit Court of the First Circuit ("Circuit Court")[1] in favor of Defendant-Appellee Association of Apartment Owners of Waikiki Marina Condominium ("the AOAO").

The Brunos also challenge the January 14, 2013 Order Granting Waikiki Marina's Motion for Summary Judgment and Denying Plaintiffs George and Michiko Bruno's Motion for Summary Judgment ("MSJ Order"); the May 2, 2013 Order Denying Plaintiffs George and Michiko Bruno's Motion to Reconsider, Rehear, and/or Vacate (A) Order Granting Waikiki Marina's Motion for Summary Judgment

---

[1] The Honorable Rhonda A. Nishimura presided.

and Denying Plaintiffs George and Michiko Bruno's Motion for Summary Judgment Filed on January 14, 2013 and (B) Final Judgment Filed on January 14, 2013 Filed on January 23, 2013 ("Order Denying Motion to Reconsider"); and the May 13, 2013 Stipulation and Order Granting Defendant Association of Apartment Owners of Waikiki Marina's Motion for Attorneys' Fees and Costs Filed on January 28, 2013 ("Fees and Costs Order"). We reverse in part, vacate in part, and remand.

I.    BACKGROUND

The Ala Wai Terrace, which has thirty-four parking stalls, and the Waikiki Marina, which has 156 parking stalls and fifteen guest parking stalls, are immediately adjacent to each other. A paved pathway connects the Ala Wai Terrace to the Waikiki Marina's parking garage. Hawaiian Island Development Company ("HIDC") was the developer of the Waikiki Marina and the condo conversion project known as the Ala Wai Terrace. Peter Savio was HIDC's president, and HIDC prepared the governing documents for both projects.

The Brunos purchased Unit #1650 at Ala Wai Terrace by Apartment Deed dated August 2, 2004. Pursuant to the Apartment Deed, the Brunos also acquired Parking Apartment A, a parking stall located in the Waikiki Marina ("Parking Apartment").

According to the AOAO, the parking apartments were created pursuant to the Fourth Amendment to Declaration of Condominium Property Regime of Waikiki Marina Condominium (Formerly Known as "The Westbury") and Amendment to Condominium Map No. 484, dated January 17, 2002 ("Fourth Amended Declaration") as a way to provide adequate parking to Ala Wai Terrace unit owners. Converting Waikiki Marina parking stalls, a limited common element, to parking apartments was said to be the only way the Waikiki Marina parking stalls could be sold unattached from a Waikiki Marina residential apartment. Pursuant to paragraph no. 3 of the Fourth Amended Declaration, twelve Waikiki Marina parking stalls were converted from common or limited common elements into "parking stall apartments" with "an undivided 0.005% interest in the common elements of the Project for all purposes, including voting," appurtenant thereto.

Paragraph no. 12 of the Fourth Amended Declaration, which amends paragraph 5.0 of the original declaration, similarly provides that each parking apartment "has appurtenant thereto an undivided 0.005% interest in all of the common elements of the Project." Paragraph no. 9 of the Fourth Amended Declaration, which amends paragraph 4.4 of the original declaration, defines "common elements" to include, among other things, the "tennis court, swimming pool, . . . walkways, parking area (excluding, however, the Parking Apartments)[.]" In addition, paragraph no. 14 of the Fourth Amended Declaration, which adds a new paragraph 21.0 to the original declaration ("Paragraph 21.0"), states,

> 21.0 PARKING APARTMENTS; PEDESTRIAN ACCESS. For so long as any owner, tenant or guest of all or any part of that certain building known as ALA WAI TERRACE, located at 1684 Ala Moana Boulevard, Honolulu, Hawaii, 96815, Tax Map Key No. (1) 2-6-11-22, owns or has the right to use a Parking Apartment, such person shall also have pedestrian access rights over and across the common elements for the sole purpose of going to and from such Parking Apartment on a reasonably direct route from the grounds of ALA WAI TERRACE, but only over and across such pedestrian walkways or pathways as currently exist. In the event that the existing walkway or pathway is gated, the parties granted access rights pursuant to this paragraph shall be provided with gate keys.

Parking Apartment owners pay monthly maintenance fees on their Parking Apartments.

According to the Brunos, they enjoyed the use of the Parking Apartment and the use of Waikiki Marina's common elements including, but not limited to, the swimming pool and tennis court ("Common Elements"), without complaint from the AOAO until July 2010, at which point the AOAO began denying them access to the Common Elements. On August 2, 2012, the AOAO notified the Brunos that they were prohibited from using the Common Elements.

On August 7, 2012, the Brunos filed a complaint against the AOAO, alleging that the AOAO had attempted to prohibit their use of the Common Elements despite the fact that they were owners of Waikiki Marina Parking Apartment A. The Brunos and the AOAO filed respective motions for summary judgment ("Brunos' MSJ" and "AOAO's MSJ"). On January 14, 2013, the Circuit Court issued the MSJ Order which granted the AOAO's MSJ and denied the Brunos' MSJ, having determined that "[b]y including Paragraph 21.0 in the Fourth Amendment to the Declaration of Condominium Property

Regime of Waikiki Marina Condominium, the AOAO restricted the use of common elements by certain Parking Apartment owners, including [the Brunos]." That same day, the Circuit Court issued the corresponding Final Judgment.

The Brunos filed a motion to reconsider the MSJ Order and the Final Judgment ("Motion to Reconsider"), which attached the declaration of Peter Savio, explaining his role in establishing and intent with regard to parking apartments. The AOAO filed its motion for attorneys' fees and costs.

The Circuit Court held a hearing on both motions. At the hearing, the Circuit Court addressed the decision in *Crowe v. Association of Apartment Owners of Waikiki Marina Condominium*,[2/] a case that had been recently decided by another circuit court judge, and continued the hearing, in relevant part, to allow both parties to conduct limited discovery to ensure that the court had all governing documents relative to both Waikiki Marina and Ala Wai Terrace. At the continued hearing, the Brunos discussed the effect of various pieces of extrinsic evidence, including again the declaration of Peter Savio and certain documents allegedly reflecting the public marketing of the Unit by the Brunos, which the court in *Crowe* had received. The Circuit Court denied the Brunos' Motion to Reconsider, affirmatively referencing its earlier conclusions that ownership of the parking apartments gave the owners access to the Common Elements "for the sole purpose of parking" and "to gain access to . . . a reasonably direct route to the parking stalls." The Brunos timely appealed.

II. POINTS OF ERROR

On appeal, the Brunos allege the following restated points of error: (1) the Circuit Court erred in granting the AOAO's motion for summary judgment; (2) the Circuit Court committed clear legal error in finding that "'[b]y including Paragraph 21.0 in the Fourth Amendment to the Declaration . . . **the AOAO** restricted the use of common elements by certain Parking

---

[2/] In *Crowe*, the trial court addressed the same issue of whether owning a Waikiki Marina parking apartment grants parking apartment owners access to Waikiki Marina's common elements, but ruled in favor of Plaintiff William Crowe after consideration of extrinsic evidence.

Apartment owners, including [the Brunos]' . . . because HIDC, as the developer of Waikiki Marina, prepared and recorded the Fourth Amendment, <u>not</u> the AOAO" (emphasis in original); (3) the Circuit Court erred in concluding that "'[t]he AOAO can amend its declaration to **limit or restrict certain rights to use the common elements** by the owners of Parking Apartments' . . . because an AOAO may not divest condominium unit owners of their common interest by converting a common element to a limited common element absent one hundred percent (100%) unit owner approval" (emphasis in original); (4) the Circuit Court abused its discretion in denying the Brunos' Hawaiʻi Rules of Civil Procedure Rule 60(b) Motion; and (5) the Circuit Court abused its discretion in awarding attorneys' fees and costs to the AOAO.

III. STANDARDS OF REVIEW

*Summary Judgment*

"An award of summary judgment is reviewed de novo under the same standard applied by the circuit court." *French v. Hawaiʻi Pizza Hut, Inc.*, 105 Hawaiʻi 462, 466, 99 P.3d 1046, 1050 (2004) (citing *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 104, 839 P.2d 10, 22 (1992)). The standard for granting a motion for summary judgment is well settled:

[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

*Bremer v. Weeks*, 104 Hawaiʻi 43, 51, 85 P.3d 150, 158 (2004).

*Taniguchi v. Ass'n of Apt. Owners of King Manor*, 114 Hawaiʻi 37, 46, 155 P.3d 1138, 1147 (2007) (emphasis and citation parentheticals omitted).

*Attorneys' Fees and Costs*

"The trial court's rulings concerning the award of attorneys' fees and costs are generally reviewed under the abuse of discretion standard." *Ass'n of Apt. Owners of Wailea Elua,*

5

100 Hawai'i at 120, 58 P.3d at 631.

IV.  DISCUSSION

    A.   Requests to take judicial notice

        Preliminarily, we address the Brunos' and the AOAO's requests for judicial notice, both of which relate to *Crowe*.  The Brunos request that we take judicial notice of the Findings of Fact, Conclusions of Law, and Order 1) Granting Plaintiff William Crowe's Request for Declaratory and Injunctive Relief and 2) Denying in Part and Granting in Part Defendant the Association of Apartment Owners of Waikiki Marina Condominium's Motion for Reconsideration Filed April 4, 2013 ("Crowe FOF/COL").  The AOAO requests that we take judicial notice of an apartment deed and parking apartment deed, showing a transfer of ownership from Crowe to Luca Gaudioso on April 21, 2014 ("Crowe Transfer Deeds"), while arguing that these deeds "may impact the Court's jurisdiction to decide whether Crowe . . . is entitled to use common elements in which he has no ownership interest, which in turn could impact the Court's decision in the present appeal in CAAP-13-0000510."

        The Crowe FOF/COL and Crowe Transfer Deeds comport with the Hawai'i Rules of Evidence Rule 201.  *See* Haw. R. Evid. 201(b), (f).[3/]  However, even if we took judicial notice of the documents, they are not dispositive in this case.  Regarding the Crowe Transfer Deeds, they are irrelevant to this appeal as it is the Brunos' interest in the Common Elements, not Crowe's, that are the subject of this appeal.  Regarding the Crowe FOF/COL, although *Crowe* and this case are similar, they do not involve the same plaintiffs.  *See State v. Akana*, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) ("This court has validated the practice of taking judicial notice of a court's own records in an interrelated proceeding *where the parties are the same*." (emphasis added) (citing *State v. Wong*, 50 Haw. 42, 43, 430 P.2d

---

     [3/]    Courts may take judicial notice of facts that are not subject to reasonable dispute that are "either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Haw. R. Evid. 201(b).  "Judicial notice may be taken at any stage of the proceedings."  Haw. R. Evid. 201(f).

330, 332 (1967))). Therefore, we take judicial notice of the requested documents, but hold that they have no bearing on this appeal.

      B.    Summary Judgment in favor of the AOAO was inappropriate because Paragraph 21.0 was unambiguous in favor of the Brunos.

The Brunos allege that the Circuit Court erred in granting the AOAO's MSJ, in relevant part, because Paragraph 21.0 unambiguously grants parking apartment owners *additional* pedestrian access rights over the Common Elements and does not preclude them from freely using and enjoying the Common Elements.

Although not explicitly stated, the Circuit Court concluded that Paragraph 21.0 was unambiguous in favor of the AOAO. We agree that Paragraph 21.0 is unambiguous, but hold that Paragraph 21.0 should have been interpreted in the Brunos' favor.

A condominium declaration and its amendments form a contract between the unit owners and the association created under the statutory framework of Hawaii Revised Statutes Chapter 514A & 514B. *See Harrison v. Casa De Emdeko, Inc.*, 142 Hawai'i 218, 226, 418 P.3d 559, 567 (2018) ("Generally, the declaration and bylaws of a condominium serve as a contract between the condominium owners and the association, establishing the rules governing the condominium." (citing *Ass'n of Apartment Owners of Maalaea Kai v. Stillson*, 108 Hawai'i 2, 9, 116 P.3d 644, 651 (2005))).

"Where ambiguity exists [in interpreting a contract], summary judgment is usually inappropriate because 'the determination of someone's state of mind usually entails the drawing of factual inferences as to which reasonable [people] might differ.'" *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 107, 839 P.2d 10, 24 (1992) (quoting *Bishop Trust Co. v. Central Union Church*, 3 Haw. App. 624, 628-29, 656 P.2d 1353, 1356 (1983)). However, "'when the facts are undisputed and not fairly susceptible of divergent inferences' because '[w]here, upon all the evidence, but one inference may reasonably be drawn, there is no issue for the jury.'" *Id.* at 108, 839 P.2d at 24 (quoting *Broad & Branford Place Corp. v. J.J. Hockenjos Co.*, 39 A.2d 80, 82 (N.J. 1944)).

Both parties argue that Paragraph 21.0 is unambiguous, and should be interpreted in their favor. The Brunos assert that Paragraph 21.0 grants parking apartment owners *additional* pedestrian access rights over the Common Elements. Conversely, the AOAO contends, and the Circuit Court agreed, that Paragraph 21.0 explicitly limits access to the Common Elements for the sole purpose of going to and from Ala Wai Terrace to the parking apartment. We conclude that Paragraph 21.0 is unambiguous when read in conjunction with paragraph nos. 3, 9 and 12 of the Fourth Amended Declaration.

Paragraph 21.0 states, regarding pedestrian access to parking apartments, that

> any owner, tenant, or guest of all or any part of that certain building known as ALA WAI TERRACE, . . . owns or has the right to use a Parking Apartment, such person shall also have pedestrian access rights over and across the common elements for the sole purpose of going to and from such Parking Apartment on a reasonably direct route from the grounds of ALA WAI TERRACE.

The Fourth Amended Declaration, which incorporates Paragraph 21.0, explicitly states in paragraph no. 3 that each parking stall apartment "shall have appurtenant thereto an undivided 0.005% interest in the *common elements of the Project for all purposes*, including voting." (Emphasis added.) Likewise, paragraph no. 12 of the Fourth Amended Declaration makes clear that each of the parking apartments have appurtenant thereto "an undivided 0.005% interest in *all of the common elements of the Project*." (Emphasis added.) Paragraph 9 of The Fourth Amended Declaration additionally amends the definition of the Waikiki Marina's common elements to include the tennis court, swimming pool and walkways, among other things. Even if Paragraph 21.0 may arguably present an ambiguity as to use of the pedestrian access, it does not affect the other common areas. Thus, when read in accordance with these provisions, Paragraph 21.0 unambiguously grants parking apartment owners additional pedestrian access rights over the Common Elements and does not preclude them from freely using and enjoying the Common Elements.

Accordingly, we conclude that the Circuit Court erred in ruling that Paragraph 21.0 explicitly limits access to the Common Elements for the sole purpose of going to and from Ala Wai

Terrace to the parking apartment, and subsequently in granting the AOAO's MSJ. The Circuit Court also erred in denying the Brunos' MSJ because there remained no genuine issues of material fact, and only one inference could reasonably be drawn in favor of the Brunos. *See Amfac, Inc.*, 74 Haw. at 107-08, 839 P.2d at 24. Therefore, we reverse the MSJ Order and vacate the corresponding Final Judgment with regard to the Circuit Court's summary judgment ruling. Because we hold that the Circuit Court erred in granting the AOAO's MSJ, we need not address the Brunos' remaining merit-based points of error.

C. Attorneys' fees and costs.

In their final point of error, the Brunos allege that the Circuit Court abused its discretion in awarding attorneys' fees and costs to the AOAO. In light of our decision to reverse the MSJ Order, the Brunos are the prevailing party. Therefore, we vacate the May 13, 2013 Fees and Costs Order and remand the issue of attorneys' fees and costs to the Circuit Court with the Brunos as the prevailing party.

V. DISPOSITION

We reverse the January 14, 2013 MSJ Order and the May 2, 2013 Order Denying Motion to Reconsider. We vacate the January 14, 2013 Final Judgment and the May 13, 2013 Fees and Costs Order. The case is remanded to the Circuit Court for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, April 10, 2019.

On the briefs:

Ronald I. Heller and
Brian W. Tilker
(Torkilsdon, Katz, Moore,
Hetherington & Harris)
for Plaintiffs-Appellants.

John D. Zalewski and
Mark G. Valencia
(Case Lombardi & Pettit)
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

9